IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| BRENDA GUENDLING, ) | |
| ) | |
| Plaintiff, ) | |
| ) | No. 02 C 6282 |
| vs. ) | |
| ) | Judge Arlander Keys |
| JACOB A. KING, ) | |
| ) | |
| Defendant. ) | |

## MEMORANDUM OPINION AND ORDER

Currently before the Court are Plaintiff's Motion for a Bill of Costs, and Defendant's Cross-Motion for a Bill of Costs. Plaintiff sued Defendant for injuries stemming from a car accident; the Court determined that Defendant was negligent and asked a jury to determine the extent of Plaintiff's damages. Although Plaintiff sought upwards of $120,000, the jury awarded her only $2,611.21. For the reasons that follow, the Court grants Plaintiff's Motion and denies Defendant's Motion.

## BACKGROUND FACTS

On September 15, 2000, Mr. King rear ended Ms. Guendling's automobile, which was stopped at a stop light. Ms. Guendling claimed that she suffered internal and external injuries, pain and anguish, as well as damage to her automobile. Ms. Guendling filed a federal lawsuit against Mr. King on September 4, 2002. The Complaint plead jurisdiction pursuant to 28 U.S.C. § 1332(a), noting that there was complete diversity of citizenship between

the parties and that the amount in controversy exceeded $75,000.

The case was initially assigned to Judge Rebecca R. Pallmeyer, who granted Plaintiff's Motion for Partial Summary Judgment on the issue of liability, on June 10, 2003. The parties then consented to proceed before this Court on July 3, 2003.

This Court presided over a jury trial on the issue of damages, between October 26, 2004 and October 29, 2004. On October 29, 2004, the jury returned an award for Ms. Guendling in the amount of $2,611.21, to compensate Plaintiff for her necessary medical care, treatment services rendered, and the value of Ms. Guendling's lost wages. The award was significantly less than the $127,000 that Plaintiff had sought from the jury.

Following trial, Plaintiff filed a Motion for a Bill of Costs. Defendant responded by filing a Cross Motion for a Bill of Costs, and a Response to Plaintiff's Motion.

## DISCUSSION

Plaintiff contends that, pursuant to Rule 54(d) of the Federal Rules of Civil Procedure, she is entitle to an order awarding her $7.805.03 in costs, which she incurred in connection with this litigation. Defendant argues that Plaintiff should be denied her costs, and Defendant instead awarded his costs because 1)Plaintiff is not a prevailing party pursuant to FRCP 54(d), because she recovered less than 3 1/2% of the amount she was

seeking; and 2) Plaintiff had no good faith basis to assert that her claim satisfied the jurisdictional minimum of $75,000, citing 28 USC § 1332(b). Notably, Defendant does not argue that the costs that Plaintiff seeks are unreasonable or impermissible under 28 U.S.C. § 1920 (West 2005)[1].

Rule 54(d) of the Federal Rules of Civil Procedure provides that costs, other than attorneys fees "shall be allowed as of course to the prevailing party." *Payne v. Milwaukee County*, 288 F.3d 1021, 1027 (7th Cir. 2002)(quoting Fed. R. Civ. P. 54(d)). *See also Majeske v. City of Chicago*, 218 F.3d 816, 824 (7th Cir. 2000) (there is a heavy presumption in favor of awarding costs to the prevailing party).

Defendant cites to the Seventh Circuit's decision in *Perlman v. Zell*, 185 F.3d 850, 859 (7th Cir. 1999) in support of his position that a plaintiff that wins less than 10% of his initial demand is not a prevailing party. The *Perlman* court did indeed factor Mr. Perlman's relatively meager award into its recommendation[2] that he was not a prevailing party. But this was

---

[1] Federal law permits prevailing parties to recoup the following costs: 1) fees of the clerk and marshal; 2) fees for court reporters and transcripts; 3) fees for printing and witnesses; 4) fees for copies of papers necessarily obtained for use in the case; 5) docket fees; and 6) compensation of court-appointed experts and interpreters. 28 U.S.C. § 1920 (West 2002).

[2] The Seventh Circuit was merely advising the district judge, noting that the prevailing party issue "deserved a fresh look" *Perlman*, 185 F.3d at 859.

not the only factor. More persuasive was the fact that the jury ruled against Mr. Perlman on all of his federal claims, and "most of the major skirmishes." *Id.* The jury ruled in his favor only on *some* of his more minor state law claims. *Id.*

In reaching its conclusion, the Seventh Circuit acknowledged that, pursuant to 29 U.S.C. § 1332, a district court has the discretion to deny a prevailing plaintiff costs, where the plaintiff's recovery is negligible. *Id.* The court explained, however, that district courts are not compelled to do so, and are free to award costs regardless of the amount of the recovery. Indeed, many courts do choose to deny a plaintiff costs where a minimal recovery evidences a plaintiff's bad faith effort to improperly proceed in federal court. *See, Id.; see also Dr. Franklin Perkins School v. Freeman*, 741 F.2d 1503, 1525 (7th Cir. 1984) (noting that while § 1332(b) does not require a court to find bad faith before denying costs, good faith is a factor the district court should consider in deciding whether costs are recoverable).

In the instant case, Plaintiff won on the only issue before the Court - negligence. Indeed, Defendant conceded liability by failing to oppose Plaintiff's Motion for Summary Judgment on the issue of liability. In addition, the jury saw fit to award Plaintiff damages to cover her necessary medical expenses as well as lost time. While it is true that Plaintiff recovered only a

4

fraction of what she sought, the Court is not convinced by Defendant's claim that this - combined with Plaintiff's participation in other lawsuits - evidences bad faith or justifies denying Plaintiff her costs.

Next, Defendant makes much of the fact that it offered Plaintiff $10,000 to settle the case before trial, an offer that Plaintiff rejected. However, Defendant acknowledged at oral argument before this Court that the offer was not made pursuant to Rule 68 of the Federal Rules of Civil Procedure and, therefore, does not preclude an award of costs in this matter.

Finally, Defendant does not challenge any of Plaintiff's requested costs as unreasonable or impermissible under the law. A review of Plaintiff's Bill of Costs indicate that the costs are, in fact, both reasonable and recoverable.[3] Therefore, the Court grants Plaintiff $ 7,805.03 in costs.

---

[3] Plaintiff inexplicably requests only $322.65 in costs associated with the deposition of Brenda Guendling, while the attached bill indicates a charge of $362.40. The Court has awarded the amount requested. In addition, while delivery fees are ordinarily not recoverable, charges to deliver transcripts are considered "'fees of the court reporter,' which are recoverable under Federal Rule of Civil Procedure ("Rule") 54(d)." *AA Sales & Assocs. Inc. v. JT&T*, No. 98 C7954, 2001 WL 855867, at *2 (N.D. Ill. July 27, 2001) (quotations omitted).

## CONCLUSION

For the reasons set forth above, Plaintiff's Motion for a Bill of Costs is Granted, and Plaintiff is awarded $7805.03 in costs. Defendant's Motion for a Bill of Costs is Denied.

DATED: February 11, 2005    E N T E R E D:

*Arlander Keys*
Arlander Keys
United States Magistrate Judge